By the Court :
As Foot was the principal debtor, and the complainants were his sureties, the judgment creditors were bound, at least, to let the law take its course, withoutinterfering to exempt the principal debtor, or to relieve his property, in such a way as to increase the risk or eventual loss of the securities. It appears that property belonging to Foot had been taken in execution, by which the judgment might have been in part discharged; and although Foot’s insolvency was notorious, *this property was given up by order of *265 the plantiffs’ attorney, who fnust have known that by doing so, the entire' debt would fall upon the sureties. This has been the result, and the question is, whether a judgment creditor can release the property of his principal debtor after a levy, and then enforce the collection of the entire judgment against the sureties. We are of opinion that he can not) and that these complainants are entitled to a credit on the judgment for the. value of the property so surrendered or relinquished. We do not say that Ewing was bound to pursue the principal to insolvency, before he came on the sureties; but that he had no right to interpose for the protection of the' principal or his property, by discharging either from the debt to the injury of the sureties; and that having done so, the loss must be charged to his own account and not to the complainants. The case is not varied by the allegation that the defendant did not, in person, authorize the release. He is bound by the acts of his attorney.
The question is not what degree of diligence is required, or what degree of negligence may be permitted, in the judgment creditor, in relation to the safety of the sureties, but how far he may be allowed to injure them by his direct acts. Our statute, for the relief of bail and sureties, is a beneficial one, and .•although this case, as it now stands, is not within its letter,, it i» within its spirit, at least, so far as injurious preferences are attempted.
But we are disposed to put the case on the ground of fraud. 'The release of Foot’s property has operated as a fraud on the complainants by taking from them the means of protection on which they must have relied, and which alone could have induced them to Incur the responsibility. They, no doubt, relied on the ability of Foot to perform his engagement or to answer the consequences, ■and any proceeding by the judgment creditor, which has a direct tendency to defeat that calculation, can not be viewed otherwise than as a fraud.
After the property of the principal was in the hands of the sheriff, the sureties had a right to the benefit of it. The judgment, therefore, must be enjoined as to the value oí the property relinquished.